**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YUSEF STEELE,

        Plaintiff,

        v.

GREGORY LISZCZAK, et al.,

        Defendants.

Civil Action No. 14-7389 (MAS)

**MEMORANDUM OPINION**

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Yusef Steele pursuant to 42 U.S.C. § 1983. At this time, the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Court dismisses the Complaint.

    **A.**    **Statute of Limitations**

Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Lagano*, 769 F.3d at 859. Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859. Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims. *Id.*

Here, with the exception of Plaintiff's malicious prosecution claim, which the Court addresses below, the Complaint asserts claims, including claims of excessive force and false arrest, that arose out of incidents which occurred on November 14, 2009. (Compl. 5, ECF No. 1.) In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court expressly held that such claims begin to accrue "when the plaintiff can file suit and obtain relief." *Id.* at 388. "There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred . . . so the statute of limitations would normally commence to run from that date." *Id.* The Complaint, dated November 18, 2014, is obviously out of time with regard to the false arrest and excessive force claims. To the extent the Complaint can be construed as raising a false imprisonment claim, that claim is also time-barred, because the statute of limitations period on a false imprisonment claim begins to run "when [the plaintiff] appeared before the examining magistrate and was bound over for trial." *Id.* at 391. Based on the allegations in the Complaint, this must have occurred prior to January 13, 2010, the date on which an indictment against Plaintiff was allegedly issued by a grand jury. (*See* Compl. 15.) Accordingly, the Court finds that all claims other than the malicious prosecution claim fail to state a claim upon which relief may be granted because they are time-barred.

**B.    Malicious Prosecution**

The only claim that is timely in the Complaint is Plaintiff's malicious prosecution claim. A malicious prosecution claim begins to accrue when the criminal proceeding against Plaintiff has ended. *See Wallace*, 549 U.S. at 392. Here, the Complaint alleges that Plaintiff's charges were dismissed on November 30, 2012, (Compl. 15), making the claim timely.

However, to state a valid malicious prosecution claim, Plaintiff must establish that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor;

2

(3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). Here, Plaintiff's only basis for his malicious prosecution claim is that the prosecution was initiated without probable cause. There is no factual allegation to establish, however, that any defendant acted maliciously for a purpose other than bringing Plaintiff to justice, nor any factual allegation explaining why there was no probable cause to arrest and prosecute him. Instead, Plaintiff conclusorily states that he was prosecuted maliciously without probable cause. The Court need not credit Plaintiff's conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that courts are free to ignore factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me").[1] As such, the Court finds that the Complaint fails to state a claim upon which relief may be granted with regard to the malicious prosecution claim.

---

[1] The Court notes that Plaintiff also appears to raise a claim that evidence was withheld from him during the criminal prosecution. Such claim is not cognizable here, however, because Plaintiff's charges were dropped and he was never tried. *See Anderson v. Venango Cty., Pa.*, 458 F. App'x 161, 164 (3d Cir. 2012) (finding that to prevail on a § 1983 claim predicated on the omission of evidence, "the plaintiff must show that the government's alleged pretrial misconduct resulted in an unfair trial," so there can be no claim if the plaintiff was never tried); *cf. Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003) ("[A] plaintiff may not base a § 1983 claim on the mere fact that the police questioned the plaintiff in custody without providing *Miranda* warnings where there is no claim that the statements obtained in violation of *Miranda* were used against the plaintiff[.]").

3

Having dismissed all claims in the Complaint, the Court dismisses the Complaint. In the interest of justice, however, Plaintiff may amend the Complaint within 30 days from entry of the accompanying Order, to cure the defects identified herein. Failure to amend will result in the dismissal of the Complaint with prejudice.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: 5/31/17