UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YUSEF STEELE,

    Plaintiff,

v.

GREGORY LISZCZAK, et al.,

    Defendants.

Civil Action No. 14-7389 (MAS) (LHG)

**MEMORANDUM ORDER**

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court dismissed the Complaint for failure to state a claim upon which relief may be granted, but allowed Plaintiff an opportunity to amend.[1] (Order, May 31, 2017, ECF No. 10.) Plaintiff submitted a purported amended complaint that, for reasons unexplained, started with a paragraph numbered 34, (*id.* at 7), and a review of the entire document confirms that it is not a complete pleading. After the Court granted Plaintiff another opportunity to amend, (Text Order, Aug. 24, 2017, ECF No. 16), Plaintiff simply resubmitted his previous incomplete pleading, together with a motion to amend. (*See* ECF Nos. 17 & 18.)

"[O]nce accepted, an amended complaint replaces the original." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 705 n.2 (1982) (Brennan, J., concurring in judgment); *see Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint

---

[1] Plaintiff complained that he did not receive the Court's previous opinion and order yet referenced the "PageID" field generated by the Court's CM/ECF docketing system on the documents. (*See* ECF No. 15 at 1.) The "PageID" field is a field generated by CM/ECF for the entire docket, providing an aggregate page numbering for *all documents* filed on the docket, including those filed by Plaintiff. It is not used to denote the number of pages for any particular document. Plaintiff asserts that he received a four-page opinion from the Clerk, which is exactly the number of pages contained in the Court's May 31, 2017 Memorandum Opinion.

supercedes the original version in providing the blueprint for the future course of a lawsuit."); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *3 n.2 (D.N.J. Jan. 6, 2014) ("Plaintiff should note that an amended complaint supersedes prior complaints.") (citing *Snyder*). A plaintiff may file a supplemental pleading that does not replace the original pleading, but only with leave of court. Fed. R. Civ. P. 15(d). Here, Plaintiff did not seek leave to file a supplement, nor would the Court grant such a request had Plaintiff moved to file one. Instead, the purported "amended complaint" contains no cause of action, no list of defendants, and does not state the relief sought—in fact, it would appear that even Plaintiff's factual allegations are incomplete. As such, the Court rejects this amended pleading, and denies the motion to amend. *See Zrodskey v. Head Classification Officer*, No. 11-0283, 2011 WL 5881813, at *2 (D.N.J. Nov. 23, 2011) (finding that an amended complaint was deficient because it did not serve as a replacement of the original complaint); *Knight v. Wapinsky*, No. 12-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (finding that an amended complaint was not proper because it was not "complete in all respects, standing by itself as an adequate complaint without reference to the complaint already filed").

**IT IS** therefore on this ___13-th___ day of March, 2018,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED";

**ORDERED** that the motion to amend (ECF No. 18) is hereby **DENIED**;

**ORDERED** that Plaintiff shall, within thirty (30) days from the entry of this Order, amend the Complaint as directed in the Court's May 31, 2017 Memorandum Opinion (ECF No. 9) by filing a *complete* amended pleading that replaces the initial Complaint; failure to amend will result in a dismissal with prejudice; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff, and shall **CLOSE** the file.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**